**Affirmed and Memorandum Opinion filed January 27, 2015.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00596-CR

**FREDERICK ONFRI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1391851**

## M E M O R A N D U M   O P I N I O N

Appellant, Frederick Onfri, was indicted for sexual assault of a child and a separate charge of aggravated sexual assault of the same child. Approximately one year later, appellant was re-indicted on a different charge of aggravated sexual assault of the same child. A jury convicted appellant of the third charge and assessed punishment of fifty-five years' confinement. The prior two charges were dismissed upon the conviction which forms the basis for this appeal.

In three issues, appellant contends (1) he was not provided a written copy of the indictment in violation of the Texas Constitution and the Texas Code of Criminal Procedure; (2) the State failed to timely comply with a discovery order, thus violating his right to due process and a fair trial; and (3) the trial court erred in denying him the opportunity to impeach a witness. We affirm.

## II. ANALYSIS

### A. Receipt of Indictment

In October 2012, appellant was indicted on two different charges of committing sexual assault of a child and released on bond. These two cases were consolidated and set for trial in March 2013.[1] He was indicted on June 18, 2013, on another charge of committing sexual assault of the same child and arraigned six days later. Appellant waived his right to ten days to prepare for the third charge[2] and trial commenced on the date of arraignment.

In his first issue, appellant complains he did not receive a written copy of the indictment in the third case. *See* Tex. Const. art. I § 10; Tex. Code Crim. Proc. Ann. art. 1.05, 25.01–02 (West 2013).[3] It is undisputed the record contains no writ or sheriff's return for the indictment filed June 18. The record reflects that all motions filed in the two earlier cases were transferred to the third case, and the

---

[1] These charges were ultimately dismissed after appellant's conviction in the instant case.

[2] "In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days' time mentioned in the preceding Article to file written pleadings, after such service." *See* Tex. Code Crim. Proc. Ann. art. 27.11–12 (West 2013).

[3] "In all criminal prosecutions the accused shall have . . . the right to demand the nature and cause of the accusation against him, and to have a copy thereof." *See* Tex. Const. art. I § 10. "The accused shall have . . . the right to demand the nature and cause of the accusations against him, and have a copy thereof." *See* Tex. Code Crim. Proc. Ann. art. 25.01. "In every case of a felony . . . the clerk of the Court . . . shall immediately make a certified copy. . . and deliver such copy to the sheriff" who is commanded to deliver to the accused a copy of the indictment and return the writ to the clerk and show how it was executed." *See id.* art. 25.02.

State advised appellant that the specific act with which he was charged was outlined in the probable-cause statement included in the clerk's file.

Three days before trial, appellant filed a motion in limine[4] stating:

> Defendant has been indicted for three separate offenses against the same complainant and the State, pursuant to Texas Penal Code sec. 3.03 has moved to consolidate them into one trial. . . . [T]he defendant makes this motion in limine to exclude evidence, other than evidence of the specific allegations in the presented indictments, that the defendant abused the complainant or committed any bad acts against the complainant."

Also three days before trial, the trial court's docket entry notes:

> The Presiding Judge placed on the record that the defense waived their 10 days notice and we will be proceeding on the new cuse [sic] number 1391851. The defense and the defendant made known that they wished to move forward. Defense made an oral motion to ove [sic] al [sic] motions to the new cause number and it was granted by the court. . . . The Court ordered the State to inform the defense by tomorrow (Sat, July 22, 2013) on which acts will be discussed I [sic] reference to the case.

There is no indication in the record that appellant demanded he be served with a copy of the third indictment, nor is there any indication that appellant objected to the lack of service. Counsel for appellant, and appellant himself, told the trial court they were "ready . . . for any of the three charges or all of the three charges." Additionally, appellant did not seek a continuance of the June trial setting on the third charge.

Thus, because appellant did not present timely, specific objections to the trial court and obtain an adverse ruling, he has waived appellate review of his complaint. *See* Tex. R. App. P. 33.1; *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (holding constitutional and statutory rights may be forfeited

---

[4] Appellant's motion in limine was filed in all three cause numbers.

3

where appellant does not object. We overrule appellant's first issue.

## B. Compliance with Discovery Order

Appellant asserts the State (1) did not comply with the trial court's discovery order which, *inter alia*, required the State to give notice of all extraneous offenses pursuant to Texas Rule of Evidence 404(b), and (2) did not respond to requests for notice of extraneous offenses. *See* Tex. R. Evid. 404(b). Appellant's complaints appear to be directed to three categories of extraneous offenses: (1) extraneous sexual misconduct with complainant; (2) statements made by the complainant concerning appellant's threat to harm complainant's mother; and (3) appellant's statements to other witnesses admitting sexual abuse of the complainant. Appellant contends the trial court erred by admitting evidence of extraneous offenses of which the State failed to provide notice.

We review the trial court's decision regarding the admission or exclusion of evidence under an abuse-of-discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). We uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Kacz v. State*, 287 S.W.3d 497, 501–502 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

The record reflects that the State filed a Notice of Intent to Use Extraneous Offenses and Prior Convictions and a Notice of Intention to Use Child Abuse Victim's Hearsay Statement. These filings outline numerous instances of extraneous misconduct.

In a hearing before the jury was impaneled, the State informed the trial court it would present evidence of four instances of extraneous sexual misconduct with the complainant, all of which were described in the probable-cause statements on

4

file, and the State relayed it was relying on all information contained in the probable-cause statements. At the same pre-trial hearing, appellant complained that the State's notice of the four instances was untimely, and there was insufficient opportunity to prepare. However, the notices were timely because they were filed with respect to the two prior charges and appellant and the State agreed that matters filed in those prior cases were considered filed in this third case. Additionally, counsel for appellant stated he had reviewed the file, which contained the probable-cause statement, as well as the State's notice, thereby acknowledging the State provided notice.

Next, appellant complains the State did not provide notice of appellant's alleged threat to hurt complainant's mother if complainant mentioned the sexual abuse to anyone.[5] However, the record reflects the State's Notice of Intention to Use Child Abuse Victim's Hearsay Statement included this comment.

Finally, appellant complains the State did not provide notice of its intent to use appellant's admissions to four witnesses. These witnesses testified over appellant's objection that appellant was crying, remorseful and guilty about the situation with complainant, that he stated he had not forced her to engage in sexual conduct, and he stated the two had prayed over the instances of sexual misconduct. At the pre-trial hearing, the State informed the trial court of its intent to offer this testimony. Counsel for appellant conceded he had "done a thorough job of trying to interview" many of the witnesses. The trial court ruled it would allow general statements but would not allow specific statements concerning the sexual act for which appellant was on trial. The record reflects appellant objected to the

---

[5] In his brief, appellant claims the State did not provide notice of its intent to use complainant's allegation that appellant threatened her if she reported appellant's sexual abuse. The record does not contain evidence that appellant threatened her—only that she was scared of appellant and "pretty sure" he would have hurt her if she reported the abuse.

testimony of the witnesses when the State questioned each regarding appellant's statements to them. The trial court ruled that as long as the testimony was of a general nature, it would be admitted.

Apparently, appellant contends that his admissions regarding general sexual misconduct with complainant constituted admission of the extraneous sexual misconduct with complainant. However, as discussed above, he was provided timely notice of the extraneous general misconduct with complainant.

We hold the State did not violate the trial court's discovery order, and did not thwart appellant's preparation for, or presentation of, its defense. *See Oprean*, 201 S.W.3d at 728. Therefore, we overrule appellant's second issue.

## C.    Refusal to Allow Impeachment of Witness

In this third issue, appellant challenges the trial court's refusal to allow counsel to impeach one of the State's witnesses with a specific instance of, what appellant characterizes as, "unadjudicated misconduct." During cross-examination, the witness was asked his age (thirty-five), and he testified he has been married thirteen years. When asked the age of his wife at the time of their marriage, the State objected; the trial court initially overruled the objection. The witness responded, "I plead the Fifth." Appellant objected.[6]

Outside of the jury's presence, appellant asserted the question was relevant because the witness was one of the witnesses to whom appellant had admitted guilt and appellant understood the wife of the witness was fifteen at the time of their

---

[6]    On appeal, appellant urges this line of questioning was relevant given Norris's testimony about complainant and the Facebook chat information he discovered. In addition, appellant contends this question was relevant because Norris had explained to the complainant his home and his family was a safe place for her. Appellant did not proffer this rationale to the trial court. Where the complaint on appeal does not comport with an objection made at trial, the error is not preserved for appellate review. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

marriage. The State argued the age of the witness' wife was irrelevant, not probative, and prejudicial. Appellant argued the witnesss' invocation of his Fifth Amendment right to refuse to testify on this point is a violation of appellant's Sixth Amendment right to confront the witness. *See* U.S. Const. amend. V, VI. Appellant moved for mistrial. The trial court then sustained the State's objection, refused to allow the alleged impeachment, and denied appellant's motion for mistrial. Appellant also requested the trial court instruct the jury to disregard the witness' answer, which the trial court agreed to do. However, appellant retracted that request, and the trial court did not instruct the jury.

Appellant's cross-examination of the witness was directed solely to the issue of his wife's age at the time they were married—the focus was that his wife was a minor at the time. Appellant argued in the trial court this specific conduct was admissible to show the witness' bias and question his credibility. On appeal, appellant makes no complaint of bias. He suggests the proferred testimony was relevant because the witness created a "false impression" by testifying that appellant's conduct was "despicable" and appellant "should have known better."

We conclude the trial court did not abuse its discretion by determining the witness' prior sexual relationship with his wife was irrelevant to attacking his credibility or his opinion of appellant's conduct with the complainant. Thus, we overrule appellant's third issue.

Having overruled all of appellant's issues, we affirm.

/s/    John Donovan
        Justice


Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

7